**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| [1] MARTHA DONELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-CV-316-JHP-TLW |
| | ) | |
| [2] DEVON ENERGY PRODUCTION | ) | |
| COMPANY, L.P., and | ) | |
| [3] UNITED STATES OF AMERICA, | ) | |
| DEPARTMENT OF INTERIOR, | ) | |
| BUREAU OF INDIAN AFFAIRS | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF DEFENDANT DEVON**
**ENERGY PRODUCTION COMPANY, L.P.**

COMES NOW Defendant Devon Energy Production Company, L.P. ("Devon")
and submits its Answer to the Complaint.

1.      Paragraph 1 of the Complaint is an introductory statement and/or a statement of
legal conclusion that does not require a response.

2.      Paragraph 2 of the Complaint is an introductory statement and/or a statement of
legal conclusion that does not require a response.

**PARTIES**

3.      Devon is without sufficient information to either admit or deny the allegations in
Paragraph 3 of the Complaint and on that basis denies the same.

4.      Paragraph 4 of the Complaint references "Devon Energy Production, L.P." and
states that such entity is defined as "Devon" for purposes of the Complaint.  The proper name of
Devon as noted in the Caption of the Complaint is "Devon Energy Production Company, L.P."
Devon assumes that the reference and definition in Paragraph 4 (and Paragraph 2) of the

Complaint is simply a typographical error, and therefore as used in this Answer the term "Devon" refers to the proper named Defendant Devon Energy Production Company, L.P. Subject to such assumption, Devon admits the allegations of Paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint is an introductory statement and/or a statement of legal conclusion that does not require a response.

## JURISDICTION AND VENUE

6.      The first portion of Paragraph 6 is an introductory statement and/or a statement of legal conclusion that does not require a response.  Devon admits that this Court has jurisdiction.

7.      As stated in Paragraph 6, Devon admits that this Court has jurisdiction. The second portion of Paragraph 7 of the Complaint is an introductory statement and/or a statement of legal conclusion that does not require a response.

8.      Devon admits the allegations of Paragraph 8 of the Complaint.

9.      Devon admits the allegations of Paragraph 9 of the Complaint.

## LEGAL FRAMEWORK

10.      Paragraph 10 of the Complaint is an introductory statements and/or a statement of legal conclusion, to which no response is required.

11.      Paragraph 11 of the Complaint is an introductory statements and/or a statement of legal conclusion, to which no response is required.

12.      Paragraph 12 of the Complaint is an introductory statement and/or a statement of legal conclusion, to which no response is required.

13.      Paragraph 13 of the Complaint is an introductory statement and/or a statement of legal conclusion, to which no response is required.

14.     Paragraph 14 of the Complaint is an introductory statement and/or a statement of legal conclusion, to which no response is required.

15.     Paragraph 15 of the Complaint is an introductory statement and/or a statement of legal conclusion, to which no response is required.

16.     Paragraph 16 of the Complaint is an introductory statement and/or a statement of legal conclusion, to which no response is required.

17.     Paragraph 17 of the Complaint is an introductory statement and/or a statement of legal conclusion, to which no response is required.

18.     Paragraph 18 of the Complaint is an introductory statement and/or a statement of legal conclusion, to which no response is required.

19.     Paragraph 19 of the Complaint is an introductory statement and/or a statement of legal conclusion, to which no response is required.

20.     Paragraph 20 of the Complaint is an introductory statement and/or a statement of legal conclusion, to which no response is required.

21.     Paragraph 21 of the Complaint is an introductory statement and/or a statement of legal conclusion, to which no response is required.

## FACTS

22.     Devon admits the allegations of Paragraph 22 of the Complaint.

23.     Devon admits the allegations of Paragraph 23 of the Complaint.

24.     Devon admits the allegations of Paragraph 24 of the Complaint.

25.     Devon is without sufficient information to either admit or deny the allegations in Paragraph 25 of the Complaint and on that basis denies the same.

26.     Devon admits that on or about July 16, 2012, Charles Hurlburt, as Acting Superintendent of the Osage Agency, approved Lease 14-20-G06-22553.  Devon denies the remainder of the allegations of Paragraph 26 of the Complaint.

27.     Devon admits that on or about August 2, 2012, Rhonda Loftin, as Superintendent of the Osage Agency, approved Lease 14-20-G06-22607.  Devon denies the remainder of the allegations of Paragraph 27 of the Complaint.

28.     Paragraph 28 of the Complaint is a statement of legal conclusion to which no response is required; further, Devon denies the allegations and characterizations in Paragraph 28.

29.     Devon admits the allegations of Paragraph 29 of the Complaint.

30.     Devon admits that the assignment of the Leases referenced in the Complaint was approved, but denies the remaining allegations, characterizations and statements of conclusion of law contained in Paragraph 30 of the Complaint.

31.     Devon is without sufficient information to either admit or deny the allegations in the first sentence of Paragraph 31 of the Complaint and on that basis denies the same.

32.     Devon is without sufficient information to either admit or deny the allegations in Paragraph 32 of the Complaint and on that basis denies the same. Devon admits that it sent certain correspondence to Fannie Donelson prior to her death.  Devon denies the remainder of the allegations of Paragraph 32 of the Complaint.   Devon also expressly denies the characterizations in Paragraph 32.

33.     Devon is without sufficient information to either admit or deny the allegations in Paragraph 33 of the Complaint and on that basis denies the same.

34.     Devon is without sufficient information to either admit or deny the allegations in Paragraph 34 of the Complaint and on that basis denies the same.

35.     Devon admits that drilling permits were approved for the Donelson 29-26N-5E, Donelson 29-16N-5E, and Donelson 32-26N-5E wells.  Devon denies the remainder of the allegations of Paragraph 35 of the Complaint, and also expressly denies the remaining allegations, characterizations, and statements of conclusion of law in Paragraph 35.

36.     Devon is without sufficient information to either admit or deny the allegations in Paragraph 36 of the Complaint and on that basis denies the same.

37.     Devon admits that on or about April 29, 2014, it was making preparations to drill on the Property.  Devon is without sufficient information to either admit or deny the remaining allegations in Paragraph 37 of the Complaint and on that basis denies the same.

38.     Devon admits that there was a meeting on May 4, 2014 with the BIA at which representatives of Devon were present.  Devon is without sufficient information to either admit or deny the remaining allegations in Paragraph 38 of the Complaint and on that basis denies the same.

39.     Devon admits the allegations of Paragraph 39 of the Complaint.

40.     Devon is without sufficient information to either admit or deny the allegations in Paragraph 40 of the Complaint and on that basis denies the same.

41.     Devon is without sufficient information to either admit or deny the allegations in Paragraph 41 of the Complaint and on that basis denies the same.  Devon also expressly denies the characterizations and statements of conclusion of law in Paragraph 41.

42.     Devon admits that Donelson filed a response to Devon's Application for Temporary Restraining Order and Temporary Injunction, and a Motion for Temporary Injunction on May 15, 2014 in Osage County; but Devon denies the remaining allegations and characterizations in Paragraph 42 of the Complaint.

43.     In response to Paragraph 43, Devon admits that a hearing was held in Osage County on May 16, 2014 (not March), which was taken under advisement, then continued to May 28, 2014.

44.     Devon admits the allegations of Paragraph 44 of the Complaint.

45.     Paragraph 45 of the Complaint contains introductory statements, and/or statements of legal conclusions, to which no response is required.

### FIRST CLAIM FOR DECLARATORY JUDGMENT

46.     For its answer to Paragraph 46 of the Complaint, Devon restates its answers to Paragraphs 1 – 45, inclusive, set forth above.

47.     In response to Paragraph 47, Devon admits that a controversy exists, but denies any allegation that the Leases and Assignment of Leases are not valid.

48.     Devon denies the allegations of Paragraph 48 of the Complaint.

49.     Devon denies the allegations of Paragraph 49 of the Complaint.

50.     Devon denies the allegations, characterizations, and statements of conclusion of law in Paragraph 50 of the Complaint.

51.     Devon denies the allegations, characterizations, and statements of conclusion of law in Paragraph 51 of the Complaint.

52.     Devon denies the allegations, characterizations, and statements of conclusion of law in Paragraph 52 of the Complaint.

### SECOND CLAIM FOR DECLARATORY JUDGMENT

53.     For its answer to Paragraph 53 of the Complaint, Devon restates its answers to Paragraphs 1 – 52, inclusive, set forth above.

54.     In response to Paragraph 54, Devon admits that a controversy exists, but denies any allegation that the drilling permits are not valid.

55.     Devon denies the allegations of Paragraph 55 of the Complaint.

56.     Devon denies the allegations and characterizations of Paragraph 56 of the Complaint.

57.     Devon denies the allegations, characterizations, and statements of conclusion of law in Paragraph 57 of the Complaint.

58.     Devon denies the allegations, characterizations, and statements of conclusion of law in Paragraph 58 of the Complaint.

### THIRD CLAIM FOR TRESPASS AGAINST DEVON

59.     For its answer to Paragraph 59 of the Complaint, Devon restates its answers to Paragraphs 1 – 58, inclusive, set forth above.

60.     In response to Paragraph 60 of the Complaint, Devon admits that it asserts a right to access Donelson's property under any and all applicable laws and regulations.

61.     Devon admits the allegations of Paragraph 61 of the Complaint.

62.     Devon admits the allegations of Paragraph 62 of the Complaint.

63.     Devon denies the allegations, characterizations, and statements of conclusion of law in Paragraph 63.

64.     Devon denies the allegations, characterizations, and statements of conclusion of law in Paragraph 64.

65.     Devon denies the allegations, characterizations, and statements of conclusion of law in Paragraph 65.

66.     Devon denies the WHEREFORE Paragraph of the Complaint, including sub-parts

A through G, and requests that the Court deny all of Plaintiff's prayers for relief.

Devon further denies each and every allegation of the Complaint to the extent not

specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.     Plaintiff's claims are barred due to her failure to exhaust and/or properly preserve

administrative remedies.

3.     Plaintiff's claims are barred by the doctrines of laches and/or estoppel.

4.     Plaintiff's claims are barred by the doctrine of accord and satisfaction based on

the agreement made by Fannie Donelson before her death.

*/s/ Charles Greenough*
Charles Greenough, OBA#12311
MCAFEE & TAFT A PROFESSIONAL CORPORATION
1717 South Boulder, Suite 900
Tulsa, OK 74119
Telephone:     (918) 587-0000
Facsimile:     (918) 599-9317
charles.greenough.@mcafeetaft.com

and

Timothy J. Bomhoff, OBA #13172
Laura J. Long, OBA #22215
MCAFEE & TAFT A PROFESSIONAL CORPORATION
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK  73102
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
tim.bomhoff@mcafeetaft.com
laura.long@mcafeetaft.com

**ATTORNEYS FOR DEFENDANT
DEVON ENERGY PRODUCTION COMPANY,
L.P.**

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2014, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System and transmittal of a Notice of Electronic Filing to all persons who have entered their appearance as ECF registrants in this case.

/s/ Charles Greenough
Charles Greenough