# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| [1] MARTHA DONELSON and [2] JOHN FRIEND, ON BEHALF OF THEMSELVES AND ON BEHALF OF ALL SIMILARLY SITUATED PERSONS,<br><br>Plaintiffs,<br><br>vs.<br><br>[1] UNITED STATES OF AMERICA; DEPARTMENT OF INTERIOR; BUREAU OF INDIAN AFFAIRS; [2] DEVON ENERGY PRODUCTION COMPANY, L.P., [3] CHAPARRAL ENERGY, LLC; [4] ENCANA OIL & GAS (USA), INC.; [5] PERFORMANCE ENERGY RESOURCES, LLC; [6] CEJA CORPORATION; [7] CEP MID-CONTINENT, LLC; [8] LINN ENERGY HOLDINGS, LLC; [9] SULLIVAN & COMPANY, LLC; [10] CARDINAL RIVER ENERGY, LP; [11] REVARD OIL & GAS PROPERTIES, INC.; [12] BLACK LAVA RESOURCES, LLC; [13] B & G OIL COMPANY; [14] ORION EXPLORATION, LLC; [15] NADEL AND GUSSMAN, LLC; [16] LAMMAMCO DRILLING, LLC; [17] CLEAR MOUNTAIN PRODUCTION, LLC; [18] SHORT OIL, LLC; [19] WELLCO ENERGY, INC.; [20] RAM ENERGY RESOURCES, INC.; [21] MARCO OIL COMPANY, LLC; [22] BGI RESOURCES, LLC; [23] HALCON RESOURCES CORPORATION; [24] THE LINK OIL COMPANY; [25] OSAGE ENERGY RESOURCES, LLC; [26] TOOMEY OIL COMPANY, INC.; [27] KAISER-FRANCIS ANADARKO, LLC; [28] HELMER OIL CORP; [29] SPYGLASS ENERGY GROUP, LLC; AND ALL OTHER LESSES AND OPERATORS AND OPERATORS WHO HAVE OBTAINED A CONCESSION AGREEMENT, LEASE OR DRILLING PERMIT APPROVED BY THE BIA IN OSAGE COUNTY IN VIOLATION OF NEPA,<br><br>Defendants. | Case No. 14-CV-316-JHP-FHM |

## DEFENDANTS THE LINK OIL COMPANY AND TOOMEY OIL COMPANY, INC.'S MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF

COMES NOW the Defendants, THE LINK COMPANY and TOOMEY OIL COMPANY, INC., by and through its undersigned counsel of the Firm LEVINSON, SMITH & HUFFMAN, P.C., for their Motion to Dismiss and Brief in Support Thereof, hereby state and alleges as follows:

1. The purported class of plaintiffs' request for injunctive relief is moot.

2. Injunctive relief on behalf of the purported class of plaintiffs is not implicated under Part 226 of Title 25 of the Code of Federal Regulation.

3. The purported class of Plaintiffs have not identified any requirement of the private-party Defendants to comply with any provision of the National Environmental Protection Act, 42 U.S.C. § 4221 *et seq.* ("NEPA").  Therefore, this Court does not have supplemental subject matter jurisdiction over the private-party defendants.

4. The action should be dismissed for want of subject matter jurisdiction because no underlying APA final adjudication to support an APA "Appeal" exists.

5. The purported class of plaintiffs do not fall within the "Zone of Interests" of NEPA. Therefore, they lack standing to maintain the present suit.

6. The purported class of plaintiffs have failed to name an indispensable party.

## ARGUMENTS AND AUTHORITIES

**1. The purported class of plaintiffs' allegations and requests for injunction are moot.**

The purported class of plaintiffs contend that an injunction should issue in this case requiring the BIA to comply with the onerous mandates of the National Environmental Protection Act, 42 U.S.C. § 4332 *et seq.* (hereinafter "NEPA") (*see* First Amended Complaint,

2

Docket No. 46, ¶ 4). However, if the private-party Defendants can establish that the purported class of plaintiffs' claim for injunctive relief is moot then no injunction may issue. Moreover, any request for injunctive relief that derives from the injunctive relief requested is moot. (*see* First Amended Complaint, Docket No. 46, ¶ 4). In this case, the purported class of plaintiffs' claim for injunctive relief requiring NEPA compliance is moot, and, therefore, no injunction may issue.

The "mootness doctrine" states that "American courts will not decide moot cases - that is, cases in which there is no longer any actual controversy." BLACK'S LAW DICTIONARY 1025 (7th ed. 1999). Therefore, it is axiomatic that this Honorable Court may only grant relief to the purported class of Plaintiffs for their claim for injunctive relief if there is an "actual controversy" regarding that issue. *Id.* In this case, there is no "actual controversy," and there has not been a controversy, if at all, since 1979.

Under Article III of the United States Constitution, federal courts may only hear "cases or controversies." U.S. Const. Art. III, § 2. "The Constitution's case-or-controversy limitation on federal judicial authority . . . underpins both standing and mootness doctrine[s] . . . ." *Friends of the Earth, Inc. v. Laidlaw Envtl Services (TOC), Inc.*, 528 U.S. 167, 168 (2000). The question of constitutional mootness "is whether there can be any effective relief" to the purported class of plaintiffs' claim. *Nw. Envtl Def. Ctr. v. Gordon,* 849 F.2d 1241, 1244 (9th Cir. 1988). Thus, because the "effective relief" sought in this case is the undertaking of a NEPA environmental assessment, if Defendant can establish that such an undertaking by a federal agency has already been done, then the claim is moot. *Id.*

Defendant recognizes that "the burden of demonstrating mootness is a heavy one." *see County of Los Angeles v. Davis,* 440 U.S. 625, 631, (1979); *see also Gordon,* 849 F.2d at 1244–

45 (quoting *Garcia v. Lawn,* 805 F.2d 1400, 1403 (9th Cir. 1986). Nevertheless, in meeting this "heavy" burden, Defendant would direct the Court to the United States Supreme Court's decision in *University of Texas v. Camenisch, 451 U.S. 390, 398, 101 S.Ct. 1830, 1835, 68 L.Ed.2d 175 (1981)*, wherein the Court was charged with determining whether a preliminary injunction should issue. *Camenisch*, 451 U.S. at 398. The *Camenisch* Court found that that the terms of the injunction being sought "ha[d] been fully and irrevocably carried out." *Id.* Therefore, the Court found the injunction issue moot. *Id.* Such is the case at bar.

The terms of the injunction sought, namely compliance with NEPA, have been "fully and irrevocably carried out." Under NEPA, the United States Congress ". . . . direct[ed] . . . all agencies of the Federal Government to:

> \*\*\*
> include in every recommendation or report on proposals for legislation and other major Federal actions significantly affecting the quality of the human environment, a detailed statement by the responsible official on--
> **(i)** the environmental impact of the proposed action,
> **(ii)** any adverse environmental effects which cannot be avoided should the proposal be implemented,
> **(iii)** alternatives to the proposed action,
> **(iv)** the relationship between local short-term uses of man's environment and the maintenance and enhancement of long-term productivity, and
> **(v)** any irreversible and irretrievable commitments of resources which would be involved in the proposed action should it be implemented.
> Prior to making any detailed statement, the responsible Federal official shall consult with and obtain the comments of any Federal agency which has jurisdiction by law or special expertise with respect to any environmental impact involved. Copies of such statement and the comments and views of the appropriate Federal, State, and local agencies, which are authorized to develop and enforce environmental standards, shall be made available to the President, the Council on Environmental Quality and to the public as provided by section 552 of Title 5, and shall accompany the proposal through the existing agency review processes . . . .

42 U.S.C. § 4332(c)(i-v) (2013). The BIA undertook such an analysis.

On May 30, 1979, Thomas Ellison, then-Area Director of the Muskogee Area Office of

the BIA, caused to be created a programmatic "Environmental Assessment for the Oil and Gas Leasing Program of the Osage Indian Tribe, Osage County, Oklahoma."  In the 1979 EA, Mr. Ellison took the requisite "hard look" at the impact that oil and gas development in Osage County, Oklahoma, would have on the environment.  The BIA produced a comprehensive study of the environmental impacts of oil and gas drilling in Osage County, Oklahoma. The 1979 EA provided analysis that: (1) described the Osage County, Oklahoma, Leasing Program; (2) described existing and projected environmental conditions in Osage County, Oklahoma; (3) considered the environmental impacts of oil and gas development in Osage County, Oklahoma; and (4) identified and explained the consultation and coordination that was involved in producing the 1979 EA.  The 1979 EA further delineated topics 1 through 4 identified above into additional analysis relating to: (a) energy production, (b) regional land use, (c) physical impacts, including the impact on the physiography and geology, soils, air quality, noise levels, surface waters, and groundwater, (d) socio-economic and cultural impacts, including impacts on the county tax base, personal income, housing, transportation, visual and aesthetic resources, recreation, historical, cultural and archaeological resources, and (e) ecological impacts.  The BIA undertook the requisite "hard look" required by NEPA in its 1979 programmatic EIS.  *see Park County Resource Council, Inc. v. US Dept. of Agriculture*, 817 F.2d 609, 620 (10th Cir. 1987) (*citing Kleppe v. Sierra Club*, 427 U.S. 390, 410 n. 21, 96 S. Ct. 2718, 2730 n. 21 (1976)). Therefore, the injunction requested by the purported class of Plaintiffs is moot.  Moreover, all other injunctions requested by the purported class of Plaintiffs must be dismissed as moot as well.  (*see generally* First Amended Complaint, Docket No. 46).

> 2. **Injunctive relief on behalf of the purported class of plaintiffs is not implicated under the 25 C.F.R. § 226.1** *et seq.* **(2013).  Therefore, they lack standing in this case.**

The purported class of plaintiffs seek injunctive relief demanding that the private-party defendants be required to stop any and all oil and gas-related activities in Osage County unless and until a superfluous, costly, and redundant environmental analysis be undertaken again pursuant to 25 C.F.R. § 226.2(c) (2013). (*see generally* First Amended Complaint, Docket No. 46). Essentially, the purported class of plaintiffs are asking the court to grant monetary and injunctive relief to them from the private-party defendants as well as order the Department of Interior, by and through the Bureau of Indian Affairs, to comply with its own regulations. The Tenth Circuit previously addressed a similar argument in *Pullman v. Chorney*, *712 F.2d 447 (10th Cir. 1983)*, wherein the Plaintiff sought "monetary and injunctive relief from the private defendants as well as an order that the Interior Department comply with its regulations." *Id.* at p. 449. The *Pullman* Plaintiff, much like the purported class of plaintiffs in this case, based his claims on violations of the Code of Federal Regulation. *Id.* However, the *Pullman* Court held that "[s]ince there [wa]s no explicit provision for a private cause of action for violations of these regulations, Mr. Pullman apparently relies on an implied cause of action. However, a mere proscription of behavior does not justify an inference of a private cause of action for its violation; instead, there must be some evidence that Congress intended one." *Id.* at pp. 449-450 (citations omitted).

In this case, nowhere in part 226 of chapter 25 of the Code of Federal Regulation is an Osage County surface owner allowed a private right of action for injunctive relief to seek cancellation of oil and gas leases awarded to a lessee. *see generally* 25 C.F.R. § 226.1 *et seq.* (2013). Further, nowhere in part 226 of Chapter 25 of the Code of Federal regulations is it contemplated that an Osage County Surface Owner is allowed a private right of action to keep oil and gas operators from actively operating their existing oil and gas leases. *Id.* As was the case

in *Pullman* and as is the case at bar, "nothing in the legislative history suggests that Congress intended to provide them anything beyond . . . [a] narrow remedy." *Pullman*, 712 F.2d at 450 (*citing Kissinger v. Reporters Committee for Freedom of the Press,* 445 U.S. 136, 149, (1980) ("[I]t is 'an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it.'"). Therefore, unless the purported class of Plaintiffs can establish that they have a right to the relief they request, this case must be dismissed for lack of standing.

    **3.    The purported class of Plaintiffs have not identified any requirement of defendants to comply with any provision of the National Environmental Protection Act, 42 U.S.C. § 4221 *et seq.* ("NEPA"). Therefore, this Court does not have subject matter jurisdiction over this case.**

Tenth Circuit jurisprudence makes it clear that NEPA "requires [only] federal agencies to pause before committing resources to a project and consider the likely environmental impacts of the preferred course of action as well as reasonable alternatives." *Los Alamos Study Group v. U.S. Dep't of Energy*, 692 F.3d 1057, 1060 (*citing Forest Guardians v. U.S. Fish & Wildlife Serv.,* 611 F.3d 692, 711 (10th Cir. 2010)). Moreover, the United States Supreme Court has determined that NEPA only requires that "the agency 'consider every significant aspect of the environmental impact of a proposed action' and 'inform the public that it has indeed considered environmental concerns in its decision-making process.'" *Baltimore Gas & Electric Co. v. Natural Res. Def. Council, Inc.,* 462 U.S. 87, 97, 103 S. Ct. 2246, 2252 (1983). There is no requirement, nor has the purported class of Plaintiffs identified or directed the Court to such a requirement, that the private-party defendants must undertake any NEPA analysis. (*see generally* First Amended Complaint, Docket No. 46). Rather, agencies have discretion whether to "require[ ] an applicant to submit environmental information for possible use by the agency in preparing an [EIS]. 40 C.F.R. § 1506.5(a) (2013). Therefore, only the Bureau of Indian Affairs

7

("BIA") may require Defendant to undertake a NEPA environmental analysis. *Id.* The purported class of plaintiffs have no right to do so. *Id.* Therefore, they cannot maintain a cause of action against the private-party defendants for a failure to comply with NEPA because the private-party defendants are not required to undertake any NEPA analysis. Consequently, unless they can establish causes of action against the private-party defendants that the Court may take supplemental jurisdiction over, then the private-party defendants must be dismissed.

Moreover, "[f]ederal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Morris v. City of Hobart,* 39 F.3d 1105, 1111 (10th Cir. 1994). There are two statutory bases for federal subject matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal-question jurisdiction under 28 U.S.C. § 1331. Federal question jurisdiction exists for all claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 2012). "A case arises under federal law if its 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Morris,* 39 F.3d at 1111 (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 27-28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). In this case, the purported class of Plaintiffs' claims arise under § 1332, federal-question jurisdiction. However, because any federal NEPA violation claims against the private-party defendants are moot, the purported class of plaintiffs must establish independent federal jurisdiction over their claims against the private-party defendants. The purported class of plaintiffs cannot establish independent federal jurisdiction over the private-party defendants.

The purported class of plaintiffs' claims for pollution, trespass, unjust enrichment, and nuisance on Osage County lands do not arise under federal law. Rather, they are purely state-law claims. *see Nadel and Gussman, LLC v. Reed Family Ranch, LLC,* --- F. Supp.2d ----, 2014

WL 688112, * 3 (N.D. Okla. Feb. 24, 2014) (holding that the Osage Allotment Act does not create a federal cause of action and that jurisdiction over surface damages is proper only in Osage County District Court).  Therefore, there is no independent federal basis to exercise jurisdiction over the private party defendants in this case. Therefore, because the purported class of plaintiffs' claims against for  injunctive relief for failure to comply with NEPA are moot, and because there is no independent basis to exercise federal subject matter jurisdiction over the private-party defendants, this case must be dismissed.

> **4.    The action should be dismissed for want of subject matter jurisdiction because no underlying APA final adjudication to support an APA "Appeal" exists.**

There is no final adjudication by the Bureau of Indian Affairs in this case.  Therefore, there is no Administrative Procedure Act "appeal" available in this case.  Moving Defendants adopt the arguments and authority cited in support of this proposition in the Motion to Dismiss and Brief in Support Submitted by Defendants Performance Energy Resources, LLC, Short Oil, LLC, Marco Oil Company, LLC, Osage Energy Resources, LLC, Helmer Oil Corp., and Clear Mountain Production, LLC.

> **5.    The purported class of plaintiffs do not fall within the "Zone of Interests" of The Osage Allotment Act.  Therefore, they lack standing to maintain the present action.**

The purported class of plaintiffs do not fall within the "zone of interests" to be protected under NEPA.  The moving Defendants adopt the arguments and authority cited in support of this proposition in the Motion to Dismiss and Brief in Support Submitted by Defendants Performance Energy Resources, LLC, Short Oil, LLC, Marco Oil Company, LLC, Osage Energy Resources, LLC, Helmer Oil Corp., and Clear Mountain Production, LLC filed contemporaneous with this Motion.

> **6.** **The purported class of plaintiffs have failed to name the Osage Tribe as a party-defendant. The Osage Tribe is an indispensable party under Fed. R. Civ. P. 12(b)7.**

The purported class of plaintiffs have failed to name the Osage Tribe in this action. The Osage Tribe is an indispensable party pursuant to Fed. R. Civ. P. 12(b)(7). The moving Defendants adopt the arguments and authority cited in support of this proposition in the Motions filed herein on behalf of co-Defendants B&G Oil Company, Wellco Energy, Inc. and Devon Energy Production Co.

**WHEREFORE**, premises considered, Defendants THE LINK OIL COMPANY and TOOMEY OIL COMPANY, INC. pray that this Court deny the purported class of plaintiffs' claims for injunctive relief, finding that the 1979 Environmental Assessment undertaken by the Bureau of Indian Affairs complied, and continues to comply, with the requirements of the National Environmental Protection Act. Further, Defendants pray that this Court dismiss the purported class of plaintiffs' claims for injunctive relief because they are constitutionally moot and because injunctive relief is not implicated under 25 C.F.R. § 226. Also, Defendants request that the Court dismiss Plaintiffs for lack of subject matter jurisdiction because Plaintiffs have not identified any requirement of Defendants to comply under any provision of NEPA. Further, the Defendants herein request that this Court dismiss the purported class of plaintiffs' Amended Complaint based on the arguments and authorities set forth by co-Defendants in this action as adopted herein. Finally, Defendants pray that this Court grant them all reasonable attorney fees, costs, and all other relief the Court deems just and equitable.

Respectfully submitted,

*s/ Lee I. Levinson*
_____
Lee I. Levinson, OBA #5395
Terence P. Brennan, OBA #10036
Trevor R. Henson, OBA #30104
Evan M. McLemore, OBA #31407
LEVINSON, SMITH & HUFFMAN, P.C.
1743 East 71st Street
Tulsa, Oklahoma 74136-5108
918.492.4433 – Tel.
918.492.6224 – Fax
**ATTORNEYS FOR DEFENDANTS,
THE LINK OIL COMPANY AND TOOMEY
OIL COMPANY, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of October, 2014, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all persons who have entered their appearances as ECF registrants in this case.

*/s/ Lee I. Levinson*
_____
Lee I. Levinson