# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) MARTHA DONELSON and (2) JOHN FRIEND, ON BEHALF OF THEMSELVES AND ON BEHALF OF ALL SIMILARLY SITUATED PERSONS | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 14-CV-316-JHP-FHM<br>)<br>) |
| v. | )<br>) |
| (1) UNITED STATES OF AMERICA; DEPARTMENT OF INTERIOR; BUREAU OF INDIAN AFFAIRS; (2) DEVON ENERGY PRODUCTION COMPANY, L.P.; (3) CHAPARRAL ENERGY, LLC; (4) ENCANA OIL & GAS (USA), INC; (5) PERFORMANCE ENERGY RESOURCES, LLC; (6) CEJA CORPORATION; (7) CEP MID-CONTINENT, LLC; (8) LINN ENERGY HOLDINGS, LLC; (9) SULLIVAN & COMPANY, LLC; (10) CARDINAL RIVER ENERGY, LP; (11) REVARD OIL & GAS PROPERTIES, INC.; (12) BLACK LAVA RESOURCES, LLC; (13) B & G OIL COMPANY; (14) ORION EXPLORATION, LLC; (15) NADEL AND GUSSMAN, LLC; (16) LAMMAMCO DRILLING, LLC; (17) CLEAR MOUNTAIN PRODUCTION, LLC; (18) SHORT OIL, LLC; (19) WELLCO ENERGY, INC.; (20) RAM ENERGY RESOURCES, INC.; (21) MARCO OIL COMPANY, LLC; (22) BGI RESOURCES, LLC; (23) HALCON RESOURCES CORPORATION; (24) THE LINK OIL COMPANY; (25) OSAGE ENERGY RESOURCES, LLC; (26) TOOMEY OIL COMPANY, INC.; (27) KAISER-FRANCIS ANADARKO, LLC; (28) HELMER OIL CORP; (29) SPYGLASS ENERGY GROUP, LLC; AND ALL OTHER LESSEES AND OPERATORS WHO HAVE OBTAINED | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

|  |  |
|---|---|
| A CONCESSION AGREEMENT, LEASE | ) |
| OR DRILLING PERMIT APPROVED BY | ) |
| THE BIA IN OSAGE COUNTY IN | ) |
| VIOLATION OF NEPA, | ) |
|  | ) |
| Defendants. | ) |

**FEDERAL DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND MEMORANDUM IN SUPPORT THEREOF**

The United States of America, the Department of the Interior, and the Bureau of Indian Affairs, (collectively "federal defendants") hereby move, pursuant to Rule 12 of the Federal Rules of Civil Procedure, 10th Circuit Rule 27.2[1/], and Local Civil Rule 7.2, for an order dismissing plaintiffs' claims against federal defendants in their First Amended Complaint, ECF No. 46, for lack of subject-matter jurisdiction. This motion is supported by the memorandum of points and authorities below and all arguments that may be presented in reply, at argument, or by leave of Court.

## MEMORANDUM OF POINTS AND AUTHORITITES

### I.   INTRODUCTION

Congress has not waived federal defendants' sovereign immunity from plaintiffs' claims attacking all leases, drilling permits, and "concession agreements" approved by the Bureau of Indian Affairs in Osage County since 1979. As such, this Court lacks subject-matter jurisdiction over plaintiffs' programmatic challenge to oil and gas leasing and extraction activities in Osage County that are supervised by the Bureau of Indian Affairs. The Administrative Procedure Act, the only potentially applicable waiver of sovereign immunity to plaintiffs' claims, only permits

---

[1/]   "Reviews of agency action in the district court must proceed as appeals. In such circumstances the district court should govern itself by referring to the Federal Rules of Appellate Procedure." *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1580 (10th Cir. 1994) (emphasis omitted).

review of discrete final agency actions; it does not permit wholesale review of decades of implementation of a federal leasing and mineral extraction program. Alternatively and concurrently, this Court lacks subject-matter jurisdiction to review any leases, drilling permits, or concession agreements issued prior to August 11, 2008, because those claims are barred by the applicable statute of limitations. Plaintiffs' claims against the federal defendants should be dismissed for lack of subject-matter jurisdiction.

## II.     STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994) (citations omitted). Plaintiffs bear the burden of demonstrating the Court's jurisdiction to hear their claims. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998) ("[T]he party invoking federal jurisdiction bears the burden of establishing its existence."). Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to raise the defense of the Court's "lack of jurisdiction over the subject matter" by motion. If the Court, at any time, determines it lacks subject-matter jurisdiction, the case should be dismissed. Fed. R. Civ. P. 12(h)(3).

The United States Court of Appeals for the Tenth Circuit has held that motions to dismiss for lack of subject-matter jurisdiction "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). This motion presents a facial attack on the sufficiency of the First Amended Complaint's allegations as to the Court's subject-matter jurisdiction. As such, the

factual allegations advanced in plaintiffs' First Amended Complaint are assumed to be true for purposes of this motion. *Id.*

### III.   PLAINTIFFS' ALLEGATIONS

Plaintiffs are owners of surface estates in Osage County. First Am. Compl. ("FAC") ¶¶ 8-9. Plaintiffs acknowledge that, in 1979, the Bureau of Indian Affairs conducted an Environmental Assessment of potential environmental impacts from current and anticipated oil and gas leasing and extraction activities in Osage County. *Id.* ¶ 73. That Environmental Assessment resulted in a Finding of No Significant Impact by the Bureau of Indian Affairs. G06AR0127-28[2/], ECF No. 41-4.

The Osage Nation is the beneficial owner of the mineral estate in Osage County, and the United States holds that estate in trust for the tribe. *See* Act of June 28, 1906 § 3, 34 Stat. 539, 543-44, amended in relevant part by Act of March 2, 1929, 45 Stat. 1478 (extending restricted trust status of mineral estate to 1959); Act of June 24, 1938, 52 Stat. 1034 (extending restricted trust status of mineral estate to 1983); Act of Oct. 21, 1978, 92 Stat. 1660 (extending restricted trust status of mineral estate in perpetuity). The Osage Nation "holds six lease auctions per year." FAC ¶ 79. At those lease auctions, the Osage Nation leases the mineral estate, subject to approval by the Bureau of Indian Affairs. 25 C.F.R. § 226.2(b). Plaintiffs' First Amended Complaint alleges that an unidentified number of leases approved by the Bureau of Indian Affairs are allegedly "void *ab initio*" because the agency allegedly failed to comply with the

---

[2/]   The Court may take judicial notice of this fact on this motion. The fact that the Bureau of Indian Affairs issued a Finding of No Significant Impact is generally known within this Court's territorial jurisdiction and may be accurately and readily determined from government records whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201(b). This Court may consider documents incorporated into the complaint by reference and that may be judicially noticed on this facial challenge to subject-matter jurisdiction. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

- 4 -

National Environmental Policy Act ("NEPA"). *See* FAC ¶¶ 82-84. Presumably, plaintiffs challenge in their First Amended Complaint leases associated with "approximately 19,500 active wells, of which approximately 14,500 are producing wells." *Id.* ¶ 104.

The Osage Nation may, with approval from the Bureau of Indian Affairs, enter into unitization agreements with lessees. 25 C.F.R. 226.15(a). A unitization agreement permits multiple individual leases to be combined into a cooperative operating plan. *Id.* Plaintiffs appear to refer to these agreements as "concession agreements." FAC ¶¶ 87-93. Plaintiffs' First Amended Complaint alleges that an unidentified number of unitization agreements are allegedly unlawful because the agency allegedly failed to comply with NEPA. *Id.*

To conduct mineral extraction activities within Osage County, a lessee must obtain permits to drill from the Bureau of Indian Affairs. 25 C.F.R. § 226.16. As with the leases and the unitization agreements, plaintiffs appear to challenge all drilling permits issued by the Bureau of Indian Affairs within Osage County as unlawful because of an alleged failure to comply with NEPA. FAC ¶¶ 94-103. "From Fiscal Year 2009 to Fiscal [Y]ear 2012, there were 1401 [drilling permits] that were processed for an average of approximately 350 [permits] per year." *Id.* ¶ 105.

As to the federal defendants, plaintiffs seek declaratory judgments that "oil and gas leases and assignment of leases" are unlawful, FAC ¶¶ 108-114; that "concession agreements" in Osage County are invalid, *id.* ¶ 115-120; and that drilling permits approved by the Bureau of Indian Affairs in Osage County were unlawfully approved, *id.* ¶¶ 121-126. Against the lessee defendants, plaintiffs seek damages for trespass, public nuisance, negligence, and unjust enrichment. *Id.* ¶¶ 127-151.

**IV.    ARGUMENT**

    **A.    Plaintiffs' Claims Against the Federal Defendants Should be Dismissed Because They are an Impermissible Programmatic Challenge.**

Plaintiffs' claims against the federal defendants should be dismissed for lack of subject-matter jurisdiction because plaintiffs' claims do not fall within a waiver of sovereign immunity. Sovereign immunity is jurisdictional. *Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1 v. City of Guthrie*, 654 F.3d 1058, 1068 (10th Cir. 2011) . Accordingly, plaintiffs must plead a valid waiver of sovereign immunity. *See Puyallup Tribe, Inc. v. Dep't of Game of Wash.*, 433 U.S. 165, 172-73 (1977). Plaintiffs have failed to invoke a waiver of sovereign immunity applicable to the claims in their First Amended Complaint.

The general jurisdictional statutes, 28 U.S.C. §§ 1331 and 1346, FAC ¶¶ 41-42, do not waive the United States' sovereign immunity. *High Country Citizens Alliance v. Clarke*, 454 F.3d 1177, 1181 (10th Cir. 2006). The Declaratory Judgment Act, 28 U.S.C. § 2201, FAC ¶ 41, "does not constitute an independent basis for jurisdiction." *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1382-83 (9th Cir. 1988). The Declaratory Judgment Act does not "itself confer jurisdiction on a federal court where none otherwise exists." *Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002).

Plaintiffs' NEPA claims against federal defendants must therefore be advanced under the judicial review provisions of the Administrative Procedure Act, 5 U.S.C. §§ 701-706. *Colo. Farm Bureau Fed'n v. U.S. Forest Serv.*, 220 F.3d 1171, 1173 (10th Cir. 2000); FAC ¶ 42. The Administrative Procedure Act "does not afford an implied grant of subject-matter jurisdiction permitting judicial review of agency action." *Califano v. Sanders*, 430 U.S. 99, 107 (1977). Instead, the challenged agency action has to be arbitrary, capricious, or contrary to a substantive source of law other than the Administrative Procedure Act. 5 U.S.C. § 706; *United Tribe of*

*Shawnee Indians v. United States*, 253 F.3d 543, 550 (10th Cir. 2001) (plaintiffs have to "identify [a] federal statute other than the [Administrative Procedure Act] that provides an express or implied cause of action in [their] favor.").

There are limits to the Administrative Procedure Act's waiver of sovereign immunity, and the Act's requirement that plaintiffs challenge discrete final agency action warrants dismissal of plaintiffs' First Amended Complaint.  A plaintiff cannot use the Administrative Procedure Act to bring a collective challenge to a sweeping group of actions.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 892-93 (1990).  In *Lujan*, the Supreme Court faced a challenge to 1,250 land classifications and withdrawal revocations by the Bureau of Land Management ("BLM"), which the plaintiff in *Lujan* dubbed BLM's "land withdrawal review program."  497 U.S. at 875, 877.  Similarly, here, plaintiffs challenge thousands of leases, permits, and unitization agreements in all of Osage County issued as far back as 1979.  *See* FAC ¶¶ 104-105.  In *Lujan*, the Supreme Court rejected plaintiff's challenge because the "program" was not an "agency action," much less a "final agency action," within the meaning of the Administrative Procedure Act:

> The term "land withdrawal review program". . . . does not refer to a single BLM order or regulation, or even to a completed universe of particular BLM orders and regulations.  It is simply the name by which petitioners have occasionally referred to the continuing (and thus constantly changing) operations of the BLM in reviewing withdrawal revocation applications and the classifications of public lands and developing land use plans as required by [statute].

497 U.S. at 890.  Moreover, the Supreme Court explained that even if one land status determination were a "final agency action," plaintiff could not predicate its sweeping challenge on that single action:

> [I]t is at least entirely certain that the flaws in the entire "program"—consisting principally of the many individual actions referenced in the complaint, and presumably actions yet to be taken as well—cannot be laid before the courts for wholesale correction under the APA, simply because one of them that is ripe for review adversely affects one of respondent's members.

*Id.* at 892–93.  The Supreme Court reiterated that under the terms of the Administrative Procedure Act, a plaintiff must "direct its attack against some particular 'agency action' that causes it harm." *Id.* at 891.  Here, plaintiffs do not challenge any particular agency action.  Instead, plaintiffs challenge the entirety of the Bureau of Indian Affairs' oil leasing and extraction program in Osage County since 1979.  *See* FAC ¶¶ 73-76.  As in *Lujan*, plaintiffs' "programmatic challenge" does not fall within the ambit of the Administrative Procedure Act, and the Act therefore does not operate as a waiver of the United States' sovereign immunity as to plaintiffs' claims.

The Administrative Procedure Act's bar on programmatic challenges "is motivated by institutional limits on courts which constrain [their] review to narrow and concrete actual controversies." *Sierra Club v. Peterson*, 228 F.3d 559, 566 (5th Cir. 2000).  In limiting review to particular actions, rather than programmatic attacks, courts "avoid encroaching on the other branches of government, [and] continue to respect the expert judgment of agencies specifically created to deal with complex and technical issues." *Id.*  This prohibition applies equally to an agency's alleged "failure to act."  5 U.S.C. § 551(13) ("agency action" is defined to include an agency's "failure to act"); *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63 (2004).

Plaintiffs' First Amended Complaint seeks to wholesale attack all oil and gas leasing and permitting in Osage County and seeks declaratory judgments that the federal defendants have failed to comply with NEPA with respect to every oil and gas decision in Osage County for decades.  Such a claim is outside the limited waiver of sovereign immunity contained in the Administrative Procedure Act and is precisely the type of challenge rejected by the Supreme Court in *Lujan*.  The mere fact that individual challenges to individual leasing or permitting decisions may be properly advanced under the Administrative Procedure Act does not cure the

jurisdictional defects in plaintiffs' First Amended Complaint. Those individualized challenges may be reviewed on their own discrete administrative records. *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985). There is no reasonable administrative record that the Bureau of Indian Affairs could compile addressing all leasing and permitting in Osage County since 1979.[3/] Because plaintiffs have failed to invoke an applicable waiver of sovereign immunity, their claims against the federal defendants should be dismissed for lack of subject-matter jurisdiction.

> **B.     Alternatively, Plaintiffs' Claims That Accrued Prior to August 11, 2008, Are Barred by the Applicable Statue of Limitations.**

In addition to being outside any applicable waiver of sovereign immunity, plaintiffs' challenges to leases, permits, and unitization agreements approved prior to August 11, 2008, are untimely. "Limitations periods in statutes waiving sovereign immunity are jurisdictional, and a court exercising its equitable authority may not expand its jurisdiction beyond the limits established by Congress." *Ramming v. United States*, 281 F.3d 158, 165 (5th Cir. 2001). "Unlike an ordinary statute of limitations, [28 U.S.C.] § 2401(a) is a jurisdictional condition attached to the government's waiver of sovereign immunity. . . ." *Spannus v. U.S. Dep't of Justice*, 824 F.2d 52, 55 (D.C. Cir. 1987).

Plaintiffs' challenges to the adequacy of the 1979 Environmental Assessment and Finding of No Significant Impact are untimely. *Chemical Weapons Working Group, Inc. v. U.S. Dep't of the Army*, 111 F.3d 1485, 1494-95 (10th Cir. 1997) (citing *Sierra Club v. Penfold*, 857

---

[3/]     Oil and gas leases in Osage County are for a term of years "and so long thereafter as the minerals specified are produced in paying quantities." 25 C.F.R. § 226.10. Accordingly, plaintiffs' broad claims in their First Amended Complaint could implicate leases and drilling permits approved decades ago for wells that are still producing in paying quantities. Additionally, plaintiffs' broad claims could implicate claims that are moot because the leases were terminated or the wells were shut-in.

F.2d 1307, 1315 (9th Cir. 1988)).  Any challenge to those decisions, to the extent they were otherwise subject to judicial review, were barred by no later than 1985.

Similarly, plaintiffs' challenges to any lease, permit, or unitization agreement approvals by the Bureau of Indian Affairs that pre-date August 11, 2008, (six years before plaintiffs filed their First Amended Complaint) are barred by the statute of limitations.  The Tenth Circuit has indicated that the statute of limitations in 28 U.S.C. § 2401(a) is jurisdictional.  *See Urabazo v. United States*, 1991 WL 213406, *1 (10th Cir. Oct. 21, 1991) (unpublished) ("Unlike an ordinary statute of limitations, § 2401(a) is a jurisdictional condition attached to the government's waiver of sovereign immunity, and as such must be strictly construed." (internal quotation marks omitted)).  Accordingly, the statute of limitations should not be subject to equitable tolling. *Bowles v. Russell*, 551 U.S. 205, 214 (2007) (courts "[have] no authority to create equitable exceptions to jurisdictional requirements.").  Regardless, plaintiffs have plead no facts to excuse their obligation to exercise due diligence to investigate drilling rigs and well pads located on their property and to timely uncover alleged leasing or permitting violations.  *See Rooks v. Drug Enforcement Admin.*, 550 Fed. Appx. 646 (10th Cir. Dec. 23, 2013) (unpublished) (given plaintiff's "obvious lack of diligence, he was not entitled to have the limitations period equitably tolled").  All of plaintiffs' claims challenging acts or omissions of the federal defendants occurring prior to August 11, 2008, should be dismissed for lack of subject-matter jurisdiction as untimely.

## V.   CONCLUSION

Wherefore, the federal defendants respectfully request that all claims in plaintiffs' First Amended Complaint directed at them be dismissed for lack of subject-matter jurisdiction. Alternatively and concurrently, plaintiffs' claims challenging acts or omissions of the federal

defendants occurring prior to August 11, 2008, should be dismissed for lack of subject-matter jurisdiction based on the applicable statute of limitations.

Dated this 7th of October, 2014.

        Respectfully submitted,

        DANNY C. WILLIAMS, SR.
        United States Attorney

        CATHRYN D. McCLANAHAN, OBA No. 14853
        Assistant United States Attorney
        110 West 7th Street, Suite 300
        Tulsa, Oklahoma 74119
        T:    918-382-2700
        Cathy.McClanahan@usdoj.gov
        Wyndee.Baker@usdoj.gov

        SAM HIRSCH
        Acting Assistant Attorney General

        s/ Stephen R. Terrell
        STEPHEN R. TERRELL
        CA Bar No. 210004
        Trial Attorney
        United States Department of Justice
        Environment & Natural Resources Division
        P.O. Box 7611
        Washington, D.C. 20044-7611
        T:    (202) 616-9663
        F:    (202) 305-0506
        Stephen.Terrell@usdoj.gov

        Attorneys for Federal Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2014, I electronically transmitted the foregoing to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Donald A. Lepp
Gentner F. Drummond
Garry M. Gaskins, II
Wendy P. Drummond
dal@drumlaw.com
gfd@drumlaw.com
gmg@drumlaw.com
wpd@drumlaw.com

*Counsel for Plaintiffs*

Charles Greenough
Jessica Lynn John Bowman
Laura J. Long
Mary Quinn-Cooper
Robert Charles Mathes
Timothy J. Bomhoff
Charles.Greenough@mcafeetaft.com
Jessica.Johnbowman@mcafeetaft.com
Laura.Long@mcafeetaft.com
Maryquinn.Cooper@mcafeetaft.com
rmathes@bjorkindley.com
Tim.Bomhoff@mcafeetaft.com

*Counsel for Devon Energy Production Co., L.P.; and Linn Energy Holdings, LLC*

Anthony J. Shaheen
Christopher A. Chrisman
Nicholas V. Merkley
ajshaheen@hollandhart.com
cachrisman@hollandhart.com
nmerkley@fellerssnider.com

*Counsel for Chaparral Energy, LLC*

Brian T. Inbody
binbody@mcnamlaw.com

*Counsel for Spyglass Energy Group, LLC; Sullivan & Company, LLC; Orio Exploration, LLC; and BGI Resources, LLC*

Christina M. Vaughn
Gerald L. Hilsher
Robert J. Joyce
Christina.Vaughn@mcafeetaf.com
Gerald.Hilsher@mcafeetaft.com
Robert.Joyce@mcafeetaft.com

*Counsel for Enaca Oil & Gas (USA), Inc.*

Bruce W. Robinett
Jess M. Kane
Rick D. Tucker
bwrobinett@bwrlawoffice.com
jkane@bwrlawoffice.com
rick@bwrlawoffice.com

*Counsel for Performance Energy Resources, LLC; Short Oil, LLC; Ram Energy Resources, Inc.; Marco Oil Company, LLC; Osage Energy Resources, LLC; and Helmer Oil Corp.*

Randall G. Vaughan
Robert Mitchener III

J. Kevin Hayes
Pamela S. Anderson

rvaughan@praywalker.com
rmitchener@praywalker.com

*Counsel for Ceja Corporation*

Jack H. Santee
Scott V. Morgan
Santee@moyersmartin.com
svmorgan@moyersmartin.com

*Counsel for Revard Oil & Gas Properties, Inc.*

Guy Clark
gclark@northcuttlawfirm.com

*Counsel for B & G Oil Company; and Wellco Energy, Inc.*

Carol J. Allen
Evan M. McLemore
Gregory D. Nellis
Lee I. Levinson
Terence P. Brennan
Trevor R. Henson
efc@ahn-law.com
Evan.Mclemore@ish-law-firm.com
LeeLevinson@sbcglobal.net
terrybrennan123@gmail.com
trevorhenson@gmail.com

*Counsel for Link Oil Company; and Toomey Oil Company*

Charles Michael Coepland
mcopeland@jonesgotcher.com

*Counsel for Lamamco Drilling, Inc., previously named as Lamarnco Drilling, LLC*

khayes@hallestill.com
panderson@hallestill.com

*Counsel for CEP Mid-Continent, LLC; and Halcon Resources Corporation*

Thomas M. Lardner
tlardner@lelegal.com

*Counsel for Black Lava Resources, LLC*

Frederick Dowart
Jean M. Medina
Mirial L. Sweetin
Paul DeMuro
fdowart@fdlaw.com
mmedina@fdlaw.com
msweetin@fdlaw.com
pdemuro@fdlaw.com

*Counsel for Nadal and Gussman, LLC; and Kaiser-Francis Anadarko, LLC*

James M. Chaney
chaney@kirkandchaney.com

*Counsel for Cardinal River Energy LP, previously named as Cardinal River Energy, LP*

        s/ Stephen R. Terrell
Stephen R. Terrell