# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARTHA DONELSON and JOHN FRIEND, ON BEHALF OF THEMSELVES AND ON BEHALF OF ALL SIMILARLY SITUATED PERSONS, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA; DEPARTMENT OF INTERIOR, BUREAU OF INDIAN AFFAIRS; DEVON ENERGY PRODUCTION COMPANY, L.P.; CHAPPARRAL ENERGY, LLC; ENCANA OIL & GAS (USA), INC.; PERFORMANCE ENERGY RESOURCES, LLC; CEJA CORPORATION CEP MID-CONTINENT, LLC; LINN ENERGY HOLDINGS, LLC; SULLIVAN & COMPANY, LLC; CARDINAL RIVERY ENERGY, LP; REVARD OIL & GAS PROPERTIES, INC.; BLACK LAVA RESOURCES, LLC; B&G OIL COMPANY; ORION EXPLORATION, LLC NADEL AND GUSSMAN, LLC; LAMMAMCO DRILLING, LLC; CLEAR MOUNTAIN PRODUCTION, LLC; SHORT OIL, LLC; WELLCO ENERGY, INC.; RAM ENERGY RESOURCES, INC.; MARCO OIL COMPANY, LLC; HALCON RESOURCES CORPORATION; THE LINK OIL COMPANY; OSAGE ENERGY RESOURCES, LLC; TOOMEY OIL COMPANY, INC.; KAISER-FRANCIS ANADARKO, LLC; HELMER OIL CORP; SPYGLASS ENERGY GROUP, LLC; AND ALL OTHER LESSES AND OPERATORS AND OPERATORS WHO HAVE OBTAINED A CONCESSION AGREEMENT, LEASE OR DRILLING PERMIT APPROVED BY THE BIA IN OSAGE COUNTY IN VIOLATION OF NEPA, <br><br> Defendants. | Case No.: 14-CV-316-JHP-FHM |

**DEFENDANT ENCANA OIL AND GAS (USA) INC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITH INCORPORATED BRIEF**

Defendant Encana Oil and Gas (USA) Inc. ("Encana") moves this Court to dismiss Plaintiffs' First Amended Complaint (Dkt. # 46), pursuant to Fed. R.Civ.P. 12(b)(1, (6) and (7).

**INTRODUCTION AND INCORPORATION BY REFERENCE**

The Plaintiffs have filed this proposed class action suit against federal defendants and numerous oil and gas producing companies doing business in oil and gas production in Osage County, Oklahoma. Plaintiffs are seeking declaratory relief, injunctive relief, and tort damages, but no administrative relief. Plaintiffs assert federal question jurisdiction based on the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq* .("NEPA") and pendent jurisdiction over the non-federal Defendants for the award of monetary tort damages.

Rather than overload the court with an additional briefs, Defendant Encana brings this Motion to Dismiss and incorporates by reference the motions and briefs of four of the non-federal Defendant oil and gas producers and the motion and memorandum of the federal defendants ("Government"). *See* Fed.R.Civ.P. 10(c) (authorizing incorporation by reference.).

Specifically, Encana incorporates the following:

(1) Motion and Brief filed by B & G Oil Company / Wellco Energy, Inc. (Dkt. #124);

(2) Motion and Brief filed by Devon Energy Production Co., L.P. / Linn Energy Holdings, LLC (Dkt #136);

(3) Motion and Brief filed by Link Oil Company, Toomey Oil Company, Inc., and Oliphant Energy, Ltd. (Dkt. # 137);

(4) Motion and Brief filed by Performance Energy Resources, LLC, Short Oil, Marco Oil Company, LLC, Osage Energy Resources, LLC, Helmer Oil Corp., and Clear Mountain Production, LLC (Dkt #138).

(5) The Government's Motion to Dismiss and Memorandum in Support. (Dkt. #148).

**ARGUMENTS AND AUTHORITIES**

I. **PLAINTIFF'S FIRST AMENDED COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION, PURSUANT TO FED.R.CIV.P. 12(b)(1).**

   A. **The Requirements of NEPA (42 U.S.C. §4332) do Not Apply to the Non-Federal Defendants (including Encana) and Plaintiffs Lack Standing to Bring this Claim.**

   NEPA is a *procedural* statute which places an obligation on federal agencies to consider significant, environmental impacts on proposed federal actions. It does not contain a private right of action against non-federal entities. Plaintiffs lack standing to bring their First Amended Complaint against the non-federal Defendants. And, per the Government, the federal Defendants are not subject to suit based on sovereign immunity.

   1. Primary Authorities:  *Dept. of Transp.. v. Public Citizen*, 541 U.S. 752 (2004); *Wild Earth Guardians v. U.S. Forest Serv.*, 668 F.Supp.2d 1314, 1322, 1326 (10th Cir. 2008); *Pullman v. Chorney*, 712 F.2d 447, 450 (10th Cir. 1983); *Central S. Dakota Co-Op Grazing v. Secretary*, 266 F.3d 889, 895 (8th Cir. 2001); *Churchill Truck Lines, Inc. v. United States*, 533 F.2d 411, 416 (8th Cir. 1976); *Nev. Land Action Ass'n v. U.S. Forest Serv.*, 8 F3.d 713, 716 (9th Cir. 1993); *Redbud Sioux Tribe v. McDivitt,* 286 F.3d 1031 (8th Cir. 2002); *Churchill County v. Babbitt*, 150 F.3d 1072, 1082 (9th Cir. 1998); *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55 (2004); *Lujan v. Nat'l Wildlife Fed.*, 407 U.S. 871 (1990); *Colo. Farm Bureau Fed'n v. U.S. Forest Serv.*, 220 F.3d 1171, 1173 (10th Cir. 2000); *Fanin v. U.S. Dept. of Veterans Affairs*, 572 F.3d 868, 876 (11th Cir.

2009); *Alabama-Coushatta Tribe of Texas v. United States*, 757 F.3d 484, 486 (5th Cir. 2014).

2. <u>Incorporation by Reference</u>:  Motion and Brief filed by B & G Oil Company and Wellco Energy, Inc. (Dkt. #124);  Motion and Brief filed by Devon Energy Production Co., L.P. and Linn Energy Holdings, LLC (Dkt #136); Motion and Brief filed by Link Oil Company, Toomey Oil Company, Inc., and Oliphant Energy, Ltd. (Dkt. # 137); Motion and Brief filed by Performance Energy Resources, LLC, Short Oil, Marco Oil Company, LLC, Osage Energy Resources, LLC, Helmer Oil Corp., and Clear Mountain Production, LLC (Dkt #138); Government's Motion and Memorandum (Dkt. #148).

B. **<u>Plaintiffs have Failed to Exhaust their Administrative Remedies under the Administrative Procedures Act ("APA").</u>**

Plaintiffs' First Amended Complaint fails to cite to any final agency action subject to appeal.  In addition, Plaintiffs have failed to bring a proper appeal of any final agency action of the Bureau of Indian Affairs ("BIA") to the district court, and programmatic challenges do not fall within the ambit of the APA.  Finally, the mandatory arbitration provisions of 25 C.F.R. §226.21 provides the only remedy for damages to surface owners by oil and gas exploration and production activities in Osage County.

1. <u>Primary Authorities</u>: *Jech v. Dept. of Interior*, 483 F. Appx 555 (10th Cir. 2012) (unpublished); *United Tribe of Shawnee Indians v. United States*, 253 F.3d 543, 550 (10th Cir. 2001); *Gilmore v. Weatherford*, 694 F.3d 1160, 1166 (10th Cir. 2012); *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992); *Begay v. Public Service Co. of New Mexico*, 710 F.Supp.2d 1161

4

(D.N.M. 2010); *Coosewoon v. Meridian Oil Co.*, 25 F.3d 920 (10th Cir. 1994); *Sierra Club v. Peterson*, 228 F.3d 559, 566 (5th Cir. 2000).

    2. <u>Incorporation by Reference</u>:  Motion and Brief filed by B & G Oil Company and Wellco Energy, Inc. (Dkt. #124); Motion and Brief filed by Devon Energy Production Co., L.P. and Linn Energy Holdings, LLC (Dkt #136); Motion and Brief filed by Link Oil Company, Toomey Oil Company, Inc., and Oliphant Energy, Ltd. (Dkt. #137); Motion and Brief filed by Performance Energy Resources, LLC, Short Oil, Marco Oil Company, LLC, Osage Energy Resources, LLC, Helmer Oil Corp., and Clear Mountain Production, LLC (Dkt. #138); Government's Motion and Memorandum (Dkt. #148).

C. **<u>Plaintiffs' First Amended Complaint has been Mooted by Passage of Time and Change of Circumstances.</u>**

Plaintiffs' First Amended Complaint against the non-federal Defendants is moot insofar as it seeks to invalidate oil and gas leases approved by the BIA and signed by the Osage Tribe where producing wells have long ago been completed and royalties paid to the Osage.

    1. <u>Primary Authorities</u>:  *Florida Wildlife Fed'n v. Goldschmidt*, 611 F.2d 547 (5th Cir. 1980); *Bayou Liberty Ass'n v. U.S. Army Corps*, 217 F.3d 393, 397 (5th Cir. 2000); *Luterbach Constr. Co. v. Adamkus*, 781 F.2d 599, 602 (7th Cir. 1986); *Park County Resource Council, Inc. v. U.S. Dept. of Agriculture*, 817 F.2d 609, 620 (10th Cir. 1987).

    2. <u>Incorporation by Reference</u>: Motion and Brief filed by B & G Oil Company / Wellco Energy, Inc. (Dkt. #124); Motion and Brief filed by

Link Oil Company, Toomey Oil Company, Inc., and Oliphant Energy, Ltd. (Dkt. # 137).

## II. PLAINTIFFS' FIRST AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO JOIN AN INDISPENSABLE PARTY, PURSUANT TO FED.R.CIV.P. 12(b)(7) and 19.

The Osage Nation, as lessor of the oil and gas leases and grantor of the "concessions" sought to be voided by Plaintiffs, is a necessary and indispensable party which has not been joined and which by reason of its sovereign status may not be joined without its consent or by specific authority of the Congress of the United States.  As a result, the suit should not proceed among the existing parties in equity and good conscience.

1. <u>Primary Authorities</u>:  *United Keetoowah Band of Cherokee Indians in Okla. v. Kempthorn*, 630 F.Supp.2d 1296, 1301 (E.D. Okla. 2009); *Fletcher v. United States*, 116 F.3d 1315 (10th Cir. 1997); *Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 997, 1001 (10th Cir. 2001); *Jicarilla Apache Tribe v. Hodel*, 821 F.2d 537, 540 (10th Cir. 1987); *Davis v. United States*, 192 F.3d 951, 960 (10th Cir. 1999); *Enter. Mgmt. Consultants, Inc. v. United States*, 883 F.2d 890 (10th Cir. 1989).

2. <u>Incorporation by Reference</u>:  Motion and Brief filed by Devon Energy Production Co., L.P. and Linn Energy Holdings, LLC  (Dkt #136); Motion and Brief filed by B & G Oil Company and Wellco Energy, Inc. (Dkt. #124).

## III. PLAINTIFFS' FIRST AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM, PURSUANT TO FED.R.CIV.P. 12(b)(6).

### A. **Plaintiffs' Claims are Barred by the Six Year Statue of Limitations provided by 28 U.S.C. §2401(a) of the APA.**

Plaintiffs' expansive pleading seeks to invalidate *ab initio* oil and gas leases and other agreements that reach back in time as far as 1979. Any agreement approved before August 29, 2008, cannot be challenged in this court. Nor can a challenge to the 1979 Environmental Assessment and Finding of No Significant Impact be sustained as any such challenge would have been barred no later than 1985.

    1.  <u>Incorporation by Reference</u>:  Motion and Brief filed by Devon Energy Production Co., L.P. and Linn Energy Production Co., LLC.  (Dkt. #136); Government's Motion and Memorandum (Dkt. #148).

**B.**    <u>**Plaintiffs' Claims Against the Non-Federal Defendants Fail as a Matter of Law as Being Derivative of Plaintiffs' NEPA Challenge under the APA and the Court Should Not Exercise Pendent Jurisdiction.**</u>

Plaintiffs' claims for trespass, nuisance, negligence, and unjust enrichment fails as a matter of law as they are entirely derivative of Plaintiffs' NEPA challenge, raised under the auspices of the APA, and seeking the invalidation of all leases, concession agreements, assignments, and drilling permits in Osage County. This court is without jurisdiction over these state law claims as the mandatory arbitration provisions of 25 C.F.R. § 226.2(c) provide the sole remedy. The Plaintiff's claims must be dismissed pursuant to Rule 12(b)(1) and (6).

    1.  <u>Primary Authority</u>:  *Nadel v. Gussman, LLC v. Reed Family Ranch, LLC*, 998 F.Supp.2d 1211 (N.D. Okla. 2014); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 716 (1966).

    2.  <u>Incorporation by Reference</u>:  Motion and Brief filed by Devon Energy Production Co., L.P. and Linn Energy Holdings, LLC (Dkt #136); Motion and Brief filed by Performance Energy Resources, LLC, Short Oil, Marco Oil Company, LLC, Osage Energy Resources, LLC, Helmer Oil Corp.,

and Clear Mountain Production, LLC (Dkt #138); . Government's Motion and Memorandum (Dkt. #148)

**WHEREFORE**, Defendant Encana prays for an Order of this Court dismissing Plaintiffs' Amended Complaint, and for such other relief as may be just and equitable, including an award of Defendant's reasonable attorneys fees and litigation costs.

Dated this 7th day of October, 2014.

Respectfully submitted,

*s/Gerald L. Hilsher*
Gerald L. Hilsher, OBA #4218
Robert J. Joyce, OBA #12728
Christina M. Vaughn, OBA #21390
MCAFEE & TAFT,
A Professional Corporation
1717 South Boulder Ave., Suite 900
Tulsa, OK 74119
Telephone: (918) 587-0000
Facsimile: (918) 599-9317
Gerald.Hilsher@mcafeetaft.com
Robert.Joyce@mcafeetaft.com
Christina.Vaughn@mcafeetaft.com

**ATTORNEYS FOR DEFENDANT ENCANA OIL & GAS (USA) INC.**

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 7, 2014, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants.

                                                      *s/* Gerald L. Hilsher
                                                      Gerald L. Hilsher